IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BOYLE and ANNA BOYLE, : | No. 3:15cv746 |
|     Plaintiffs                    : | |
| : | (Judge Munley) |
|     v.                               : | |
| : | |
| NORTH AMERICAN PACKING, LLC : | |
| d/b/a ECONO-PAK and LUIS NUNEZ : | |
| and ANTONIA ALMONTE-NUNEZ   : | |
| and CORPORATE RESOURCE      : | |
| SERVICES, INC. individually and/or : | |
| d/b/a DIAMOND STAFFING          : | |
| SERVICES, INC. individually and/or : | |
| d/b/a STAFF MANAGEMENT GROUP, : | |
| LLC, DIAMOND STAFFING           : | |
| SERVICES, INC. individually, and   : | |
| STAFF MANAGEMENT GROUP, LLC : | |
| Individually,                            : | |
|     Defendants           : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Plaintiffs Michael and Anna Boyle claim that Plaintiff Michael Boyle suffered serious and permanent injuries when Defendant Luis Nunez collided with Plaintiff Boyle's car on April 1, 2014.  Plaintiffs allege that Defendant Nunez operated the car as an agent of Defendant North American Packaging, LLC d/b/a Econo-Pak (hereinafter "Econo-Pak") and Defendant Corporate Resource Services, Inc. d/b/a Diamond Staffing Services, Inc. (hereinafter "Corporate Resource Services") when he transported eleven passengers to work at Econo-Pak.  In the instant motion, defendants move to transfer venue from the Middle

District of Pennsylvania to the District of New Jersey.  We will deny defendants' motion.

**Background**

This case arises from a vehicular accident on April 1, 2014 on US-206 in Montague Township, New Jersey.  (Doc. 5, Amended Complaint (hereinafter "Compl.") ¶¶ 8, 11).  Plaintiff Boyle drove a 2009 Honda Insight in the northbound lane of the highway.  (Compl. ¶ 8).  Defendant Nunez operated a 1998 Ford Ecoline van in the southbound lane, carrying eleven individuals to work at Econo-Pak in Milford, Pennsylvania.  (Id. ¶¶ 9, 12).  Defendant Antonia Almonte-Nunez, wife of Defendant Luis Nunez, owned and gave permission to operate the vehicle.  (Id. ¶ 10).

The accident occurred when Defendant Nunez, initially driving in the southbound lane, crossed into the northbound line of traffic on US-206.  (Id. ¶ 11). Upon entering the opposing lane, he crashed directly into Plaintiff Boyle's vehicle, travelling northbound.  (Id. ¶ 11).  The sudden collision propelled Plaintiff's vehicle 150 feet backwards uphill.  (Id. ¶ 11).  As a result, Plaintiff Boyle suffered several serious personal and permanent injuries.  (Id. ¶ 14-15).

Plaintiffs filed their initial complaint on April 16, 2015.  (Doc. 1).  Plaintiffs amended their complaint to include Corporate Resource Services as a

defendant on June 4, 2015. (Doc. 5). The amended complaint asserts causes of action for negligence, negligent entrustment, and loss of consortium. (Id.) The court held a case management conference on April 22, 2016, and the case is now in discovery. On June 22, 2016, defendants filed a motion to transfer the case to the United States District Court for the District of New Jersey. (Doc. 51). The parties have briefed the issues, bringing the case to its present posture.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. Plaintiffs are citizens of the Commonwealth of Pennsylvania. (Compl. ¶ 1). Defendants are citizens of New York, New Jersey, and Connecticut.[1] (Compl. ¶ 3-6). Additionally, the amount in controversy exceeds $75,000. (Id. ¶ 8). Because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

---

[1] Defendant North American Packaging, LLC d/b/a Econo-Pak is incorporated under the laws of the State of New Jersey and thus retains citizenship there. (Compl. ¶ 2). Defendant Luis Nunez is a citizen of Connecticut. (Id. ¶ 3). Defendant Antonia Almonte-Nunez is a citizen of New Jersey. (Id. ¶ 4). Defendant Corporate Resource Services is incorporated under the laws of of the State of New York and thus retains citizenship there. (Id. ¶ 5).

the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different States[.]"). As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendants bring a motion to change venue under 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "The burden of establishing the need for transfer . . . rests with the movant." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Courts consider a variety of factors in determining the proper forum, and "[w]hile there is no definitive formula or list of the factors to consider . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a)." Id. Still, "[w]hether to transfer a case is generally committed to the discretion of the district courts." In re United States, 273 F.3d 380, 387 (3d Cir. 1995).

The Third Circuit Court of Appeals articulated several factors for a district court to consider in determining whether to transfer a case, including both "private" and "public" interest factors. The relevant "private interest" factors include: (1) each party's forum preference; (2) where the claims arose; (3) the convenience of the parties as indicated by their relative physical and financial consideration; (4) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (5) the location of the books and records. Jumara, 55 F.3d at 879.

The "public interest" factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) administrative difficulties in the two fora due to court congestion; (4) the local interest in deciding local controversies; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law. Id. at 879-80.

**Discussion**

Defendants move to transfer venue from the United States District Court for the Middle District of Pennsylvania to the United States District Court for the District of New Jersey. We will deny the motion.

Though 28 U.S.C. § 1404(a) provides district courts discretion to decide a motion to transfer based on individualized considerations of convenience and fairness, "such motions are not to be liberally granted." See First Union Nat. Bank v. U.S., 55 F. Supp. 2d 331, 332 (E.D. Pa. 1999) (citing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)); see also Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). Plaintiffs' choice of forum requires vital consideration in the determination of transfer motion. See Labrot v. John Elway Chrysler Jeep on Broadway, 436 F.Supp.2d 729, 731 (E.D. Pa. 2006) (citing Shutte, 431 F.2d at 25). When a plaintiff files suit in their home forum, that choice necessitates considerable deference. See Labrot, 436 F. Supp. 2d at 731 (citing American Argo Corp. v. U.S. Fidelity & Guar. Co., 590 F. Supp. 1002, 1004 (E.D. Pa. 1984)). Though deference to plaintiffs' choice slightly diminishes when the operative facts that gave rise to the action occur in another forum, plaintiffs' selection still weighs against the transfer. See id. (internal citations omitted). We will address the presumption in favor of plaintiff's selected forum, as well as the private and public interest factors enumerated in Jumara, below.

Defendants argue that the private and public interest factors in Jumara tilt in favor of moving the instant case to New Jersey. Defendants cite the location of the accident, the residence of the eleven passengers, the alleged application

6

of New Jersey law, and New Jersey's alleged interest in adjudicating this case as reasons in support of their motion to transfer venue. (Doc. 51). Plaintiffs, residents of Pennsylvania, filed the present case in the Middle District of Pennsylvania. (Doc. 1). Plaintiffs argue that defendants' reasons address liability for the accident, which is no longer a major part of the case. (Doc. 53). Instead, because of Defendant Nunez's recent insurance payout (Doc. 56), the remaining issue is the alleged agency relationship between Defendant Nunez and Defendants Corporate Resources and Econo-Pak. (Docs. 53, 56). As such, plaintiffs point to the presumption in favor of the plaintiff's choice of forum, their own residency, the location of relevant employment documents, and the establishment of the employment relationship in the state as reasons to keep the case in Pennsylvania. (Docs. 53, 55).

First, plaintiff's choice of forum and residency within the selected forum receive great weight in our analysis. Plaintiffs filed the instant case in the Middle District of Pennsylvania and are residents of Milford, Pennsylvania. (Compl. ¶ 1). Though the accident occurred in New Jersey, plaintiff emphasizes that Defendant Luis Nunez recently tendered $100,000 from his automobile liability insurance to plaintiffs. (Id. ¶ 11, Doc. 56). As such, Defendant Nunez's insurance payout resolves the issue of fault. Remaining in the case is the question of vicarious liability with regard to Defendants Corporate Resource

7

Services and Econo-Pak. Because fault no longer remains an issue in the case, defendants' reasons for transfer become irrelevant to the matter at hand.

Keeping the instant case in Pennsylvania best serves the Jumara "private interest" factors. Though the accident occurred in New Jersey, the employment relationship allegedly originated in Pennsylvania, as Defendants Corporate Resource Service and Econo-Pak maintain offices and conduct business in the state. (Id. ¶ 7). For the same reason, and because plaintiffs reside in the state, keeping the case in Pennsylvania comports with the convenience of the parties. Depositions from the eleven passengers in Defendant Nunez's vehicle (Id. ¶ 12) most relate to the issue of negligence and fault, and since this matter has been resolved, such testimonies may be unhelpful. Instead, testimony from employees and supervisors at the Milford, Pennsylvania offices of Defendants Corporate Resources and Econo-Pak may be more relevant to determining the issue of agency. (Id. ¶ 7). Similarly, documents related to Defendant Nunez's alleged employment relationship with the other defendants likely exist in Pennsylvania.

According to the "public interest" factors, adjudicating the matter in Pennsylvania conforms to judicial practicality, ease, expeditiousness, and efficiency concerns. One can reasonably expect possible evidence regarding the corporate defendants' employment relationship with Defendant Nunez to be

most likely located in Pennsylvania, making discovery easier, more cost-effective, and less lengthy.

Under this analysis, a majority of the "private interest" factors, together with the judicial preference given to plaintiff's choice of forum and "public interest" policy concerns, move the balance in favor of denying defendant's transfer motion. As such, we will deny defendant's motion.

**Conclusion**

For the above stated reasons, the court will deny defendants' motion to transfer venue to the United States District Court for the District of New Jersey. An appropriate order follows.

**Date: August 16, 2016**                              **s/ James M. Munley**
                                                       **JUDGE JAMES M. MUNLEY**
                                                       **United States District Court**